NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ATHENA ROSE, *Petitioner/Appellant,*

*v.*

MICHAEL ESTRADA, *Respondent/Appellee.*

No. 1 CA-CV 25-0982 FC

FILED 08-13-2026

---

Appeal from the Superior Court in Yavapai County
No. S1300DO202400714
The Honorable Tina R. Ainley, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

---

COUNSEL

Athena Rose
*Petitioner/Appellant*

Michael Estrada, Prescott Valley
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

_____

Presiding Judge Veronika Fabian delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Michael S. Catlett joined.

_____

**F A B I A N**, Judge:

¶1        Athena Rose ("Mother") appeals from the superior court's order denying her request to relocate the child she shares with Michael Estrada ("Father") and awarding joint legal decision-making and equal parenting time. For the following reasons, we affirm in part and vacate in part.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        The parties divorced in Arkansas in 2023 but their decree did not make provisions for the parties' minor child. In 2024, Mother filed a petition for legal separation in Yavapai County Superior Court, and the petition was later converted to a petition to establish legal decision-making, parenting time, and child support. In July 2025, the court entered a temporary order granting Mother sole decision-making and parenting time. Shortly thereafter, Mother provided notice she intended to relocate out of Arizona with the child. Father then filed a petition to prevent the relocation.

¶3        The superior court consolidated both petitions for trial. After trial, the court entered a final order denying Mother's relocation request and awarding joint legal decision-making and substantially equal parenting time.

¶4        Mother timely appealed, and we have jurisdiction pursuant to Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A) and 2101(A)(1).

## DISCUSSION

¶5        Father did not file an answering brief. Ordinarily, when a civil appeal raises debatable issues and the appellee fails to file an answering brief without good cause, we assume such failure to be a confession of error. *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958). However, because this case involves the best interests of a minor

child, we will not assume a confession of error here. *See Hoffman v. Hoffman,* 4 Ariz. App. 83, 85 (1966).

¶6　　　　We review a superior court's order concerning custody and relocation for an abuse of discretion and construe statutes *de novo. Murray v. Murray*, 239 Ariz. 174, 176 ¶ 5 (App. 2016). Viewing the evidence "in the light most favorable to the superior court's order," we "will affirm the judgment if reasonable evidence supports it." *Boyle v. Boyle*, 231 Ariz. 63, 65 ¶ 8 (App. 2012).

¶7　　　　In her opening brief, Mother argues that the superior court erred by:

> 1) not applying Arizona law in continuing the matter without findings,
>
> 2) improperly weighing the evidence of domestic violence,
>
> 3) awarding equal legal decision-making and parenting time despite a differing prior parenting plan,
>
> 4) failing to order psychological and substance abuse evaluations,
>
> 5) improperly excluding evidence,
>
> 6) mischaracterizing evidence,
>
> 7) attributing the child's bruising to her,
>
> 8) relying on unsupported factual findings,
>
> 9) relying on evidence not admitted at trial,
>
> 10) ordering her to disclose contact information,
>
> 11) failing to consider her evidence,
>
> 12) denying relocation,
>
> 13) improperly weighing the child's relationship to her and the child's siblings,
>
> 14) adding Father's last name to the child's name,
>
> 15) deviating from the Arizona Child Support Guidelines,

16) failing to rule on Mother's contempt and enforcement motions,

17) granting Father medical decision-making despite Mother's evidence,

18) depriving Mother of a fair and neutral adjudication through selective fact-finding and mischaracterization of the evidence, and

19) adopting positions contrary to the evidence resulting in cumulative prejudice.

## I. We Will Not Reweigh the Evidence.

**¶8** With respect to issues 2, 8, 11, 12, 13, 17, 18, and 19, Mother complains that the superior court improperly weighed, analyzed, and characterized the evidence in Father's favor. Because "the family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence," "appellate courts generally defer to the findings of the family court." *Vincent v. Nelson*, 238 Ariz. 150, 155 ¶ 18 (App. 2015). Thus, we will not reweigh the evidence presented on these issues to the superior court. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998).

## II. Many of Mother's Arguments Do Not Comply with Rule of Civil Appellate Procedure 13.

**¶9** With respect to issues 1, 4, 5, and 10, Mother's arguments do not comply with Rule 13, Ariz. R. Civ. App. P., and are therefore waived. *See Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). "Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Id.* An opening brief must include, among other things, arguments supported by "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies," as well as "the applicable standard of appellate review with citation to supporting legal authority." Ariz. R. Civ. App. P. 13(a)(5), (7)(A)-(B).

**¶10** Mother argues the court erred by initially not ruling it had jurisdiction over the petition while Father was withholding the child in December of 2024 and instead resetting the hearing to January of 2025 to give Father's counsel 30 days to research the jurisdiction issue (Issue 1). Although the court subsequently decided it did have jurisdiction, Mother

does not provide any legal authority showing that the superior court's decision to provide Father's counsel with the opportunity to research that issue was in error. Similarly, Mother argues the court erred in not ordering Father to undergo psychological evaluation and drug testing (Issue 4), but she fails to support her argument with authority.

**¶11** Mother also argues the court improperly excluded declarations from school staff allegedly documenting Father's harassing and threatening conduct (Issue 5). The court excluded the declarations after Father objected that he could not cross-examine the declarant. On appeal, Mother argues the evidence was relevant but does not explain why it was error to exclude the evidence on due process or hearsay grounds.

**¶12** Mother contends the court erred by ordering the parties exchange contact information despite an existing order of protection (Issue 10). However, Mother does not cite to the record for the order of protection or explain why the order would preclude the exchange of contact information. Nor does she identify where she made this argument before the superior court. Finally, she does not support her argument with legal authority.

**¶13** Consequently, Mother has waived these arguments. *See Ritchie*, 221 Ariz. at 305 ¶ 62; *see also Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117-18 ¶ 9 (App. 2015) (party may waive argument on appeal by failing to cite relevant legal authority as required by Rule 13). It is also not the policy of this Court to decide cases "with no research assistance or analytical input from the parties." *Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459 ¶ 29 (App. 2000). Therefore, it is important that Mother provide us with relevant authority upon which to decide the issues. We are mindful that Mother is representing herself in this matter. However, we "hold unrepresented litigants in Arizona to the same standards as attorneys." *Flynn v. Campbell*, 243 Ariz. 76, 83 ¶ 24 (2017).

### III. Most of Mother's Remaining Arguments Do Not Show Error.

**¶14** Mother argues that the superior court did not address Father's withholding of the child in its order (Issue 3). However, the court's order did find that "Father kept the child from Mother through the month of December," and "Father also denied video calls and permitted few phone calls during that time, which was not in the best interests of the child." Mother then argues that the court did not make the required express findings under A.R.S. § 25-403(A) to justify equal parenting time.

However, the court made findings on all statutory factors in § 25-403(A).

**¶15** Mother further alleges that the court improperly failed to adopt a prior parenting agreement without making findings that the agreement, which gave Mother primary custody, was harmful to the child or provided less stability. In a January 2025 evidentiary hearing, Mother introduced the prior agreement, but the court did not adopt that agreement because it did not provide for meaningful contact with both parents and was therefore not in the child's best interests. Mother has shown no error in that determination. *See* A.R.S. § 25-403(A) ("The court shall determine legal decision-making and parenting time . . . in accordance with the best interests of the child.").

**¶16** Mother argues that the superior court's finding that she "would like nothing more than to eliminate or limit Father's parenting time" is unsupported by the record. However, before trial, Mother sought full custody pursuant to a prior agreement, and at trial Father testified that Mother had withheld the child from him in various ways. The record supports this finding.

**¶17** Mother argues that there is no evidence supporting the finding that she withdrew a request to dismiss an order of protection against Father because Father did not accommodate a transfer of schools for the child (Issue 6). But this is only one of the circumstances the superior court considered when weighing the domestic violence or child abuse factor. The court made many other findings supporting its determination—including that Mother had made unsubstantiated allegations of aggressive and controlling behavior by Father, had made unsubstantiated allegations of sexual abuse by Father, and that the child had bruises and scratches from being disciplined by Mother. Mother has not shown that the court erred.

**¶18** Mother argues no competent evidence linked bruising on the child to her (Issue 7). However, Father introduced evidence of bruising and testified that it was due to Mother. Reasonable evidence exists to support the superior court's finding. *See Gutierrez*, 193 Ariz. at 347 ¶ 13.

**¶19** Mother also argues the superior court erred in relying on an unadmitted exhibit to state that the Department of Child Safety closed its investigation into Father (Issue 9). However, Father also testified that the investigation had closed and Mother does not dispute this fact. The record supports this finding.

**¶20** Mother argues the superior court erred in putting the child's last name as Rose-Estrada on its orders (Issue 14). The court decided to list the last name as such after Father testified that was his wish in a temporary orders hearing. Mother did not object, nor has she shown reversible error.

**¶21** Mother also argues that the superior court erred by not ruling on her motion to enforce temporary orders and her petition for contempt (Issue 16). A party cannot petition to enforce temporary orders. *See* Ariz. R. Fam. Law P. 91 (governing petitions to enforce judgments); Ariz. R. Fam. Law P. 78(a)(1) ("A temporary order is not a judgment."). Thus, there was no error in the superior court not ruling on the motion to enforce the temporary orders.

**¶22** A party can petition for contempt pursuant to temporary orders. *See* Ariz. R. Fam. Law P. 92. However, contempt findings are not reviewable on direct review, only by special action. *Henderson v. Henderson*, 241 Ariz. 580, 586–87 ¶ 16 (App. 2017). Because we lack jurisdiction over Mother's arguments regarding her petition for contempt, we accept special action jurisdiction to address those arguments. *See* RPSA 11(e), 12(a). Mother argues that the court erred by failing to rule on the petition and does not demonstrate the court should have granted the petition on the merits or would have erred in denying the petition. We find that the court's entry of final judgment effectively denied the pending petition. *See Atchison, Topeka & Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15 (1964) (motions not ruled upon "were therefore denied by operation of law"); *Molever v. Roush*, 152 Ariz. 367, 369 n.1 (App. 1986). Therefore, we accept special action jurisdiction on this issue but deny relief.

**¶23** Mother lastly argues that the above alleged errors cumulatively prejudiced her and warrant remand (Issue 19). As she has shown no error on those arguments, she has not demonstrated cumulative error or prejudice.

## IV. The Superior Court Erred in Deviating from the Arizona Child Support Guidelines.

**¶24** Mother argues that the superior court erred by deviating from the Arizona Child Support Guidelines (Issue 15). The court determined that the application of the Guidelines was inappropriate or unjust and deviation was in the best interests of the child. On that basis, it deviated Father's calculated $42 of monthly child support to $0. However, the court did not make findings of fact supporting either of those determinations as required by A.R.S. § 25-320(D). *See Nia v. Nia*, 242 Ariz. 419, 424-25 ¶¶ 20-

26 (App. 2017). Therefore, we vacate the child support order and remand for the superior court to enter the required findings of fact.

## CONCLUSION

**¶25** The child support order is vacated, the remainder of the superior court's order over which we have jurisdiction is affirmed. We accept jurisdiction over Mother's argument regarding her petition for contempt but deny relief. We remand for the superior court to enter an appropriate child support order.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR